UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 12-12126-RWZ


TIMOTHY P. MOONEY, *et al.*,
on behalf of themselves and all others similarly situated,

v.

WELLS FARGO BANK *et al.*

ORDER

August 9, 2013

ZOBEL, D.J.

Counsel for Wells Fargo Bank, N.A., as Trustee for the Option One Mortgage Loan Trust 2005-2, Asset-Backed Certificates, Series 2005-2 (hereinafter "Wells Fargo as Trustee"), has written a letter to the court seeking clarification of the status of a motion to dismiss filed on March 8, 2013 (Docket # 19).

This case is presently a total muddle, created largely by the valiant efforts of counsel on both sides. I attempt to provide what clarification I can.

1. The complaint was originally brought by thirteen named plaintiffs against fourteen named defendants. The docket sheet does not indicate that any of the named defendants have been served.

2. The only Wells Fargo entity named as a defendant is "Wells Fargo Bank, N.A., d.b.a Wells Fargo Home Mortgage & America's Servicing Company." Docket # 1

(Compl.); see id. ¶ 17. That defendant is reflected on the docket heading as Wells Fargo Bank, N.A. Although the docket does not indicate that entity was ever served, it entered an appearance, sought two extensions of time to respond to the complaint, and then filed a motion to dismiss for failure to state a claim (Docket # 11) on February 6, 2013. The court allowed the motion to dismiss on May 3, 2013 (Docket # 23). It is that ruling which plaintiffs have attempted to appeal to the First Circuit. See Docket # 27.[1]

   3. Although Wells Fargo as Trustee is not a named defendant and apparently was never served, it filed a motion to dismiss the complaint for failure to state a claim on March 8, 2013 (Docket # 19). The court did not immediately rule on that motion.

   4. One defendant, Vericrest Financial, Inc., has moved to dismiss for lack of service. I allowed that motion without opposition on May 3, 2013. The plaintiffs did not appeal from that part of the court's order.

   5. On May 16, 2013, the day before plaintiffs filed their notice of appeal, nine plaintiffs filed a rather unusual "Motion Pursunt [sic] to Rule 4(m) for Dismissal." Docket # 25. They requested that the entire case be dismissed because none of the defendants were served within the required 120-day period. See Fed. R. Civ. P. 4(m).[2] Because the notice of appeal was filed the next day, I did not rule on plaintiffs' motion. I note, however, that it appears there are at least four active plaintiffs who are prepared

---

[1] I note that the First Circuit has instructed plaintiffs to show cause why their appeal should not be dismissed for lack of jurisdiction, given that the order at issue dismissed only one defendant out of the fourteen named in the complaint. As of the time the appeal was taken, the other defendants had apparently neither been served nor dismissed from the action.

[2] I cannot discern why these plaintiffs did not just voluntarily dismiss their claims without prejudice. See Fed. R. Civ. P. 41(a)(1)(A)(i).

to overlook the ongoing lack of service on defendants.[3]

5. In order to avoid complicating this procedural tangle further, I intend to take no further action on this case until the First Circuit has issued a decision (or refused jurisdiction) in the pending appeal.

|  |  |
|---|---|
| August 9, 2013 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |

---

[3] I further note that one of the plaintiffs joining in the Rule 4(m) motion, Joseph M. O'Brien, has subsequently withdrawn his participation in the motion on the grounds that his claims were already dismissed with prejudice by this court's order of May 3, 2013. See Docket # 30.